10-5318-cr
United States v. Gonzalez Uribe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:  REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          KIYO A. MATSUMOTO,
                    *District Judge.*[*]
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


          v.                                      No. 10-5318-cr


FRANCISCO GONZALEZ URIBE,
                    *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:           James Roth, Hurwitz Stamper & Roth, New York, New York.

FOR APPELLEE:            Randall W. Jackson, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] Judge Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on December 14, 2010, is AFFIRMED.

Francisco Gonzalez Uribe appeals his 360-month prison sentence for conspiring to import and distribute heroin and cocaine. In reviewing Gonzalez Uribe's contention that the sentence is procedurally and substantively unreasonable, we apply a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Gonzalez Uribe claims procedural error in the district court's determination that he was subject to a four-level Guidelines enhancement for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Gonzalez Uribe contends that he was just a "manager or supervisor," not an "organizer or leader," and thus only a three-level enhancement was warranted. Id. § 3B1.1(b). The record defeats the argument.

We review the district court's determination under § 3B1.1 de novo, but we review the court's findings of fact only for clear error. See United States v. Hertular, 562 F.3d 433, 449 (2d Cir. 2009). As indicated in the Presentence Investigation Report which the district

2

court adopted, recorded evidence showed that Gonzalez Uribe personally orchestrated the shipment of millions of dollars' worth of cocaine and heroin from South America to the United States, and even attempted to purchase aircraft to facilitate this activity. After he arranged a particular shipment in January 2009, various accomplices carried out the details. Moreover, at his plea allocution, Gonzalez Uribe admitted that he was "in charge of distributing" the organization's drugs in the United States. Plea Tr. at 18. This evidence is sufficient to establish that Gonzalez Uribe was an "organizer or leader" of the organization. See U.S.S.G. § 3B1.1 cmt. 4 (noting that in determining whether defendant is "organizer or leader," relevant factors include, inter alia, "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, . . . the degree of participation in planning or organizing the offense, [and] the nature and scope of the illegal activity"); accord United States v. Gotti, 459 F.3d 296, 348 (2d Cir. 2006).

In urging otherwise, Gonzalez Uribe argues that his inability to deliver even larger promised quantities should defeat application of this enhancement. That Gonzalez Uribe may have over-promised or under-delivered hardly diminishes his status as a leader of an organization that successfully shipped millions of dollars' worth of narcotics. Accordingly, we reject his procedural challenge as without merit.

2.    Substantive Reasonableness

Gonzalez Uribe's claim of substantive unreasonableness in his 360-month sentence, which falls within either the 292-to-365-month Guidelines range urged by defendant or the

360-month-to-life range urged by the government, is similarly meritless.[1] See United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) (observing that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances"). Having found Gonzalez Uribe to be a "leader of a major organization involved in moving very substantial quantities of drugs . . . into the United States," the district court was entitled to conclude that this "extremely serious crime" demanded a "very serious sentence," Sentencing Tr. at 5, notwithstanding the personal family history that Gonzalez Uribe emphasizes on appeal, see United States v. Coppola, --- F.3d ----, 2012 WL 456514, at *25 (2d Cir. 2012) (rejecting defendant's appeal to personal circumstances in light of "seriousness of his criminal conduct").

Insofar as Gonzalez Uribe complains of unwarranted sentencing disparities, see 18 U.S.C. § 3553(a)(6), the argument fails for lack of record evidence showing that he is similarly situated to his chosen comparators in the many respects that inform a sentence. See United States v. Coppola, 2012 WL 456514, at *25 (rejecting argument under § 3553(a)(6) where there was no showing that defendants were "similarly situated"). If anything, Gonzalez Uribe's submissions on appeal show that numerous leaders of international narcotics organizations have received sentences similar to the thirty-year sentence imposed. Moreover, "even if § 3553(a)(6) were a lawful basis for leniency here, it is only one of

---

[1] The Guidelines discrepancy was the result of disagreement as to whether Gonzalez Uribe was subject to an enhancement for the use of a firearm, see U.S.S.G. § 2D1.1(b)(1), which the district court did not resolve, concluding that "the adjustment [was] not material" to its sentencing decision, Sentencing Tr. at 3. Gonzalez Uribe has not appealed the district court's treatment of this issue.

4

several factors that must be weighted and balanced and how the factor is weighed is a matter firmly committed to the discretion of the sentencing judge." Id. (internal quotation marks and alterations omitted).

Because Gonzalez Uribe's sentence is within the broad range of permissible decisions available to the district court, it cannot be deemed substantively unreasonable. See United States v. Cavera, 550 F.3d at 189; United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

3. Conclusion

The judgment of conviction is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5